Mark J. Wilk, OSB #814218
mwilk@oregonlawcenter.org
Azanet Hayden, OSB #203816
ahayden@oregonlawcenter.org
Veronica Digman-McNassar, OSB #120792
vdigman@oregonlawcenter.org
Oregon Law Center
230 W. Hayes Street
Woodburn, Oregon 97071
Phone: (503) 981-0336
Fax: (503) 981-0373

Stephen Walters, OSB #801200
swalters@oregonlawcenter.org
Oregon Law Center
522 SW 5th Ave, Suite 812
Portland, OR 97204
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**MEDFORD DIVISION**

| | |
|---|---|
| **FERNANDO CHIM**<br>**JOSE MARTINEZ**<br>**MARIA RODRIGUEZ**<br>**KALEB GUZMAN** | Case No. 1:21-cv-1285-CL |
| Plaintiffs,<br><br>v.<br><br>**COLT JAMISON HANSEN,** an individual<br>**WESTCOAST GROWERS, LLC.,**<br>**TOPSHELF HEMP, LLC.,**<br>**FIRE HEMP, LLC.,**<br>**LOGAN PIERCE BUTLER,** an individual<br>**PIERCE FARM LABOR, LLC.,**<br>Defendants. | COMPLAINT<br><br>Migrant and Seasonal Agricultural Worker Protection Act (29 USC §§ 1801–1872),<br>Oregon Contractor Registration Act (ORS 658.440),<br>Oregon Wage statutes (ORS 652.145 and ORS 652.150)<br><br>**DEMAND FOR JURY TRIAL** |

## I. PRELIMINARY STATEMENT

1. Plaintiffs are migrant agricultural workers who were recruited by an unlicensed contractor to work seasonally in agriculture for Defendants in Josephine County, Oregon. Defendants did not give Plaintiffs written employment disclosures or employment contracts and failed to pay them their final wages.

2. Plaintiffs are entitled to recover statutory damages and unpaid wages under the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), Oregon Contractor Registration Act (OCRA), and Oregon wage statutes.

## II. JURISDICTION AND VENUE

3. Jurisdiction over Plaintiffs' federal claims is conferred on this Court by 28 U.S.C. §1331, in that this action arises under the laws of the United States, 29 U.S.C. §1854(a) (AWPA).

4. This Court has supplemental jurisdiction of the claims based in Oregon law under 28 U.S.C. §1367, as all claims are so related as to form part of the same case or controversy.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), being the judicial district in which all of the events of this litigation arise and all Defendants reside.

## III. PARTIES

6. Plaintiff, Kaleb Guzman, worked for Defendants in Grants Pass, Oregon from approximately November 18, 2020, until approximately November 23, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526.

7. Plaintiff, Jose Martinez, worked for Defendants in Grants Pass, Oregon from approximately November 14, 2020, until approximately November 23, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd.

Bldg. E. Grants Pass, OR 97526.

8. Plaintiff, Maria Rodriguez, worked for Defendants in Grants Pass, Oregon from approximately November 14, 2020, until approximately November 23, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526.

9. Plaintiff, Fernando Chim, worked for Defendants in Grants Pass, Oregon from approximately November 15, 2020, until approximately November 23, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526.

10. At all times relevant to this action, Plaintiffs were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. §1802(8)(a), in that they were employed in agricultural labor of a seasonal or temporary nature and were required to be absent overnight from their permanent place of residence.

11. Defendant Logan Pierce Butler ("Butler") is an individual in the business of farm labor contracting.

12. At all times relevant to this action, Defendant Butler was an unlicensed farm labor contractor under AWPA, 29 U.S.C. §1802(7).

13. Defendant Butler does business under the name "Pierce Farm Labor, LLC." Pierce Farm Labor, LLC., lists its business address as 238 Westbrook Dr., Rogue River, OR 97537, and names Defendant Butler as its managing member and registered agent.

14. Defendant Butler used Defendant Pierce Farm Labor, LLC., to recruit Plaintiffs and to commit the statutory violations and other wrongful acts described in this Complaint.

15. At all times relevant to this action, Defendant Pierce Farm Labor, LLC., ("PFL") was a

domestic limited liability company registered in Oregon with its principal place of business in Rogue River, OR.

16. At all times relevant to this action, Defendant PFL was a Farm Labor Contractor under AWPA, 29 U.S.C. §1802(7).

17. Defendant Colt Jamison Hansen., ("Hansen") is an individual engaged in the business of growing and marketing hemp.

18. At all relevant times, Defendant Hansen was an agricultural employer under AWPA, 29 U.S.C. §1802(2).

19. Defendant Hansen does business under a number of different names and entities, including Defendants WestCoast Growers LLC., Topshelf Hemp LLC., and Fire Hemp LLC. ("Entity Defendants"). Each of the Entity Defendants lists its business address as 700 Merlin Rd. Grants Pass, OR 97526, and names Defendant Hansen as its managing member and registered agent.

20. On information and belief, Defendant Hansen used some or all of the Entity Defendants to recruit and employ Plaintiffs and to commit the statutory violations and other wrongful acts described in this Complaint.

21. At all times relevant to this action, Defendant WestCoast Growers, LLC., ("WestCoast") was a domestic limited liability company registered in Oregon with its principal place of business in Grants Pass, OR, and was an agricultural employer under AWPA, 29 U.S.C. §1802(2).

22. Defendant WestCoast is registered with the Oregon Department of Agriculture as a hemp grower and handler.

23. At all times relevant to this action, Defendant Topshelf Hemp, LLC., ("Topshelf") was a domestic limited liability company registered in Oregon with its principal place of business

in Grants Pass, OR, and was an agricultural employer under AWPA, 29 U.S.C. §1802(2).

24. Defendant Topshelf is registered with the Oregon Department of Agriculture as a hemp grower and handler.

25. At all times relevant to this action, Defendant Fire Hemp, LLC., ("Fire Hemp") was a domestic limited liability company registered in Oregon with its principal place of business in Grants Pass, OR, and was an agricultural employer under AWPA, 29 U.S.C. §1802(2).

IV.   FACTS

26.  Defendant Hansen, using an unlicensed farm labor contractor, Butler, hired Plaintiffs and other workers to trim, clean, and sort industrial hemp plants and to complete other tasks as assigned by Defendant Hansen at Defendants' hemp warehouse located at 700 Merlin Rd. Bldg. E, Grants Pass OR 97526.

27. Plaintiffs began working for Defendants between November 14, 2020, and November 18, 2020.

28. Defendants failed to complete required employment I-9 and W-4 employment forms for Plaintiffs, nor did they ever provide Plaintiffs required W-2 forms.

29. Defendants, upon information and belief, failed to deduct and withhold from Plaintiffs' wages, a tax determined in accordance with IRS tax laws.

30. Defendant Hansen and his supervisors always carried handguns.

31. Plaintiffs were aware that Defendant Hansen and his supervisors carried firearms.

32. Defendants Hansen and Butler yelled profanities and demeaning words and demanded that Plaintiffs work fast.

33. Defendant Hansen and his supervisors often made comments and insults about Mexicans and Hispanics.

34. Plaintiffs often worked 12 hours per day.

35. Plaintiffs' breaks and lunches were often rushed or cut short.

36. Plaintiffs were not provided drinking water and were told by Defendant Butler to bring their own.

37. Although Plaintiffs felt physically exhausted, they felt compelled to work as fast as they could so as not to anger Defendants Hansen and Butler.

38. Plaintiffs' hands and fingers were often cold, but they were not provided gloves or any other personal protective equipment to work with.

39. Defendants did not provide first aid kits for scrapes and cuts.

40. Defendants did not provide facemasks or any other personal protective equipment to minimize the risk of exposure to COVID-19.

41. Plaintiffs Maria Rodriguez and Jose Martinez were laughed at by Defendant Hansen and his supervisors for wearing facemasks while working.

42. Defendants failed to provide written employment disclosures to Plaintiffs at the time of recruitment.

43. Defendants failed to provide Plaintiffs with written employment contracts.

44. Defendants promised to pay Plaintiffs Jose Martinez, Maria Rodriguez, and Fernando Chim gross wages at $20 dollars per hour.

45. Defendants promised to pay Plaintiff Kaleb Guzman gross wages at $18 dollars per hour.

46. Plaintiffs terminated their employment with Defendant Hansen on or about November 24, 2020, when Defendant Butler called a walkout of his crew, which included Plaintiffs and other workers, after Defendant Hansen's failure to pay their wages.

47. Plaintiffs did not continue working but Defendant Butler gave Defendant Hansen a document

to sign which provided the names of the workers in his crew as well as the hours that they worked and the wages they were owed.

48. Defendant WestCoast advertised drying and hanging space in Defendants' warehouse to other hemp growers.

49. Plaintiffs, upon information and belief, while employed by Defendants, performed work on agricultural product that was not incidental to or in conjunction with Defendants' hemp operation.

50. Plaintiffs were non-exempt employees under FLSA for the work performed at Defendants' warehouse from November 14 through November 23, 2020.

51. Defendants, upon information and belief, failed to make, keep, and preserve accurate time records of Plaintiffs' hours of work, their gross and net pay, and all deductions taken from their pay in November of 2020.

52. Defendants failed to provide Plaintiffs with itemized pay statements that listed all of the hours they worked, the specific amounts and bases for all deductions, the employer's name and address, and the employer identification number (EIN) in November of 2020.

53. Defendants, upon information and belief, failed to timely file certified payroll records with the Oregon Bureau of Labor and Industries for November of 2020.

54. Defendants willfully failed to pay plaintiffs their final pay immediately upon termination of their employment.

55. Defendants' actions were intentional for purposes of the AWPA.

56. Defendants Hansen, WestCoast, Fire Hemp, and Topshelf, failed to verify that Defendant Butler was complying with state and federal licensing requirements.

57. Defendant Butler suggested to Plaintiffs that they should remain in Grants Pass and give

Defendant Hansen two weeks to pay them their wages.

58. Approximately two weeks after Plaintiffs terminated their employment, Plaintiffs sought out Defendant Hansen at his warehouse to ask for their wages.

59. Defendant Hansen drew his gun on Plaintiffs and told Plaintiffs that he would not be intimidated by them because he knew how to defend himself.

60. Plaintiffs were frightened by this event and never personally sought their wages from Defendant Hansen again.

61. Plaintiffs made written demand for their unpaid wages and statutory damages on July 10, 2021and July 28, 2021.

62. Plaintiffs have attempted in good faith to resolve this dispute without litigation.

63. Plaintiffs filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) prior to filing this civil action.

64. Plaintiffs have been required to obtain the services of an attorney to enforce their rights and seek attorney fees pursuant to ORS 658.475, ORS 652.200(2), and 29 U.S.C § 216(b).

## V.  CLAIMS FOR RELIEF

**FIRST CLAIM: (Migrant and Seasonal Agricultural Worker Protection Act (AWPA))**

65. Plaintiffs re-allege paragraphs 1–64.

66. Defendants intentionally violated the AWPA in that:

   a. Defendants failed to provide Plaintiffs with written work disclosures upon recruitment, in violation of 29 USC § 1821(a);

   b. Defendants failed to post an AWPA poster at worksite in violation of 29 USC § 1821(b);

   c. Defendants knowingly misrepresented employment conditions to

   Plaintiffs in violation of 29 USC § 1821(f);

   d. Defendants violated the terms of the working arrangement they entered into with Plaintiffs in violation of 29 USC § 1822(c);

   e. Upon information and belief, Defendants failed to make, keep, and preserve accurate payroll records, in violation of 29 USC § 1821(d)(1);

   f. Defendants failed to provide Plaintiffs with adequate itemized wage statements, in violation of 29 USC § 1821(d)(2);

   g. Defendants failed to pay Plaintiffs all of their wages when due, in violation of 29 USC § 1822(a);

   h. Defendants used an unlicensed farm labor contractor, in violation of 29 USC § 1842;

67. Each Plaintiff is entitled to statutory damages of $500.00 for each of Defendants' violations of the AWPA pursuant to 29 U.S.C. § 1854, together with their court costs.

**SECOND CLAIM: (Oregon Contractor Registration Act (OCRA) ORS 658.440)**

68. Plaintiffs re-allege paragraphs 1–67.

69. Defendants intentionally violated the OCRA in that:

   a. Defendants failed to pay Plaintiffs all wages when due, inviolation of ORS 658.440(1)(c).

   b. Defendants assisted an unlicensed person to violate the OCRA by using an unlicensed contractor to recruit Plaintiffs, in violation of ORS 658.440(3)(e).

   c. Defendants failed to provide written work disclosures to Plaintiffs upon recruitment, in violation of ORS 658.440(1)(f).

   d. Defendants failed to provide Plaintiffs with written work agreements at time of hire, in violation of ORS 658.440(1)(g).

    e. Defendants misrepresented employment conditions to Plaintiffs in violation of ORS 658.440(3)(b).

    f. Defendants failed to comply with contracts entered into with Plaintiffs, in violation of ORS 658.440(1)(e).

    g. Defendants failed to provide Plaintiffs with adequate itemized written wage statements, in violation of ORS 658.440(1)(h).

    h. Defendants under information and belief, failed to timely file certified payroll records with the Oregon Bureau of Labor and Industries, in violation of ORS 658.440(1)(i).

    i. Defendants are personally, jointly, and severally liable for Plaintiff's wages and penalty wages pursuant to ORS 658.415(8).

    j. Defendants are personally, jointly, and severally liable for violations of the OCRA pursuant to ORS 658.465.

70. Each Plaintiff is entitled to statutory damages of $1000.00 for each of Defendants' violations of the OCRA pursuant to ORS 658.453(4), together with their court costs and attorney fees.

### THIRD CLAIM: (Nonpayment of Wages ORS 652.145)

71. Plaintiffs re-allege paragraphs 1–70.

72. Defendants failed to pay Plaintiffs their final wages.

73. Plaintiffs are entitled to recover unpaid wages pursuant to ORS 652.145 in the amount of:

    a. Plaintiff Kaleb Guzman is entitled to recover $240.00 in unpaid wages pursuant to ORS 652.145.

    b. Plaintiff Jose Martinez is entitled to recover $2,120.00 in unpaid wages pursuant to ORS 652.145.

    c. Plaintiff Maria Rodriguez is entitled to recover $2,120.00 in unpaid wages pursuant to ORS 652.145.

    d. Plaintiff Fernando Chim is entitled to recover $1,900.00 in unpaid wages pursuant to ORS 652.145.

74. Plaintiffs are entitled to recover court costs and attorney fees, pursuant to ORS 652.200(2).

### FOURTH CLAIM: (Late Payment of Wages ORS 652.150)

75. Plaintiffs re-allege paragraphs 1–74.

76. Defendants failed to pay Plaintiffs all of their wages immediately when work ended and further failed to pay Plaintiffs their unpaid wages after their written demand.

77. Plaintiffs Jose Martinez, Maria Rodriguez, and Fernando Chim are entitled to recover statutory penalty wages in the amount of $4,800.00 for their work in November of 2020, pursuant to 652.150.

78. Plaintiff Kaleb Guzman is entitled to recover statutory penalty wages in the amount of $4,320.00 for his work in November of 2020, pursuant to 652.150.

79. Plaintiffs are entitled to recover court costs and attorney fees, pursuant to ORS 652.200(2).

### FIFTH CLAIM: (Fair Labor Standards Act (FLSA))

80. Plaintiffs re-allege paragraphs 1–79.

81. Defendants willfully violated the FLSA in that:

82. Plaintiffs were covered, non-exempt employees under FLSA for work performed in Defendants' warehouse from November 14 through November 23.

83. Defendants failed to pay Plaintiffs at least 1.5 times their regular rate of pay for all hours worked in excess of 40 hours each workweek that they worked at Defendants' warehouse.

84. Plaintiffs suffered lost wages and liquidated damages in the amount of:

    a. Plaintiff Jose Martinez suffered lost wages of $1,260.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

    b. Plaintiff Maria Rodriguez suffered lost wages of $1,260.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

    c. Plaintiff Fernando Chim suffered lost wages of $930.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

85. Plaintiffs are also entitled to their reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendants as follows:

1. On their First Claim for Relief (AWPA), statutory damages of $500.00 per violation, per worker, pursuant to 29 U.S.C. §1854(c).

2. On their Second Claim for Relief (OCRA), statutory damages of $1000.00 per violation, per worker, pursuant to ORS 658.453(4).

3. On their Third Claim for Relief (Nonpayment of Wages), award

    a. Plaintiff Kaleb Guzman $240;

    b. Plaintiff Jose Martinez $2,120;

    c. Plaintiff Maria Rodriguez $2,120; and

    d. Plaintiff Fernando Chim $1,900 in unpaid wages.

4. On their Fourth Claim for Relief (Penalty Wages), statutory penalty wages, award

    a. Plaintiff Kaleb Guzman $4,380;

    b. Plaintiff Jose Martinez $4,800;

    c. Plaintiff Maria Rodriguez $4,800; and

    d. Plaintiff Fernando Chim $4,800 in penalty wages pursuant to ORS 652.150.

5. On their Fifth Claim for Relief (FLSA), compensation of unpaid overtime wages and liquidated damages in an amount equal to the damages awarded to Plaintiffs for unpaid overtime wages, pursuant to 29 U.S.C. § 216(b).

6. Plaintiff's costs and attorney fees, pursuant to ORS 658.453(4), ORS658.475, ORS 652.200(2), and 29 U.S.C § 216(b).

7. Prejudgment interest on Plaintiffs' unpaid and penalty wages, pursuant to ORS. 82.010.

8. Such other and further relief as the Court deems just, reasonable and proper.

Plaintiffs demand a jury trial.

OREGON LAW CENTER

| August 30, 2021 | s/ Azanet Hayden |
|---|---|
| Date | Azanet Hayden, OSB No. 203816<br>ahayden@oregonlawcenter.org<br>Oregon Law Center<br>230 W. Hayes Street<br>Woodburn, Oregon 97071<br>Telephone: 503- 981-0336<br>Facsimile: 503-981-0373 |