**Thomas F. Armosino, OSB No. 911954**
Email: Armosino@fdfirm.com
**Casey S. Murdock, OSB No. 144914**
Email: Murdock@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC
2592 East Barnett Road
Medford, OR  97504
Phone: (541) 772-2333
Fax:    (541) 779-6379
  Of Attorneys for Defendants
  Colt Jamison Hansen, WestCoast Growers, LLC,
  Topshelf Hemp, LLC, and Fire Hemp, LLC

**Wendel V. Hall, Admitted *Pro Hac Vice***
Email: wendel@halllawoffice.net
HALL LAW OFFICES, PLLC
1150 18th Street, N.W., Suite 1030
Washington D.C. 20036
Phone: (202) 507-8861
  Lead Attorney for Defendants
  Colt Jamison Hansen, WestCoast Growers, LLC,
  Topshelf Hemp, LLC, and Fire Hemp, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| FERNANDO CHIM,<br>JOSE MARTINEZ,<br>MARIA RODRIGUEZ,<br>KALEB GUZMAN,<br><br>             Plaintiffs,<br><br>v.<br><br>COLT JAMISON HANSEN, an individual,<br>WESTCOAST GROWERS, LLC,<br>TOPSHELF HEMP, LLC,<br>FIRE HEMP, LLC,<br>LOGAN PIERCE BUTLER, an individual,<br>PIERCE FARM LABOR, LLC,<br><br>             Defendants. | Case No.:  1:21-cv-01285-CL<br><br>**DEFENDANTS COLT JAMISON HANSEN, WESTCOAST GROWERS, LLC, TOPSHELF HEMP, LLC, AND FIRE HEMP, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Page 1 – DEFENDANTS COLT JAMISON HANSEN, WESTCOAST GROWERS, LLC, TOPSHELF HEMP, LLC, AND FIRE HEMP, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

For their answer to Plaintiffs' Complaint, Defendants Colt J. Hansen; West Coast Growers, LLC; Topshelf Hemp, LLC; and Fire Hemp, LLC ("Hansen Defendants"), by and through the undersigned counsel, admit, deny, and allege as follows:

## PRELIMINARY STATEMENT

1. The Hansen Defendants deny the allegations of Paragraph 1 of the Complaint.

2. The Hansen Defendants deny the allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. The Hansen Defendants neither admit nor deny the allegations of Paragraph 3 of the Complaint, as it alleges legal conclusions rather than providing short and plain factual allegations. The Hansen Defendants specifically deny that this Court may exercise constitutional subject matter jurisdiction over any claim which Article III of the Constitution does not place within the purview of Courts of the United States.

4. The Hansen Defendants neither admit nor deny the allegations of Paragraph 4 of the Complaint, as it alleges legal conclusions rather than providing short and plain factual allegations. The Hansen Defendants specifically deny that this Court may exercise constitutional subject matter jurisdiction over any claim which Article III of the Constitution does not place within the purview of Courts of the United States.

5. The Hansen Defendants neither admit nor deny the allegations of Paragraph 5 of the Complaint, as it alleges legal conclusions rather than providing short and plain factual allegations.

/ / /

/ / /

/ / /

## PARTIES

6. – 9.   The Hansen Defendants neither admit nor deny the allegations of Paragraphs 6 – 9 of the Complaint, as they do not have enough information to form a belief as to the truth of the matters asserted and so cannot answer.

10.   The Hansen Defendants neither admit nor deny the allegations of Paragraph 10 of the Complaint, as it alleges legal conclusions rather than providing short and plain factual allegations.

11.   The Hansen Defendants admit that Defendant Logan Pierce Butler is a person. The Hansen Defendants neither admit nor deny the remainder of the allegations of Paragraph 11 of the Complaint, as it alleges legal conclusions rather than providing short and plain factual allegations.

12.   The Hansen Defendants neither admit nor deny the allegations of Paragraph 12 of the Complaint, as it alleges legal conclusions rather than providing short and plain factual allegations.

13.   The Hansen Defendants admit that Pierce Farm Labor, LLC is correctly identified, but lack sufficient information to form a belief as to the truth of the remaining assertions of Paragraph 13 of the Complaint.

14.   The Hansen Defendants neither admit nor deny the allegations of Paragraph 14 of the Complaint, as it offers legal conclusions rather than factual allegations.

15.   The Hansen Defendants admit that Pierce Farm Labor, LLC was a domestic limited liability company, but lack sufficient information to form a belief as to the truth of the remaining assertions of Paragraph 15 of the Complaint.

16.   The Hansen Defendants neither admit nor deny the allegations of Paragraph 16 of the Complaint, as it offers legal conclusions rather than factual allegations.

17. The Hansen Defendants admit the allegation of Paragraph 17 of the Complaint.

18. The Hansen Defendants neither admit nor deny the allegations of Paragraph 18 of the Complaint, as it offers legal conclusions rather than factual allegations.

19. The Hansen Defendants admit the allegations of Paragraph 19 of the Complaint.

20. The Hansen Defendants deny the allegations of Paragraph 20 of the Complaint.

21. The Hansen Defendants deny the allegations of Paragraph 21 of the Complaint.

22. The Hansen Defendants admit the allegations of Paragraph 22 of the Complaint.

23. The Hansen Defendants deny the allegations of Paragraph 23 of the Complaint.

24. The Hansen Defendants deny the allegations of Paragraph 24 of the Complaint. The Hansen Defendants state that Topshelf is not a handler.

25. The Hansen Defendants deny the allegations of Paragraph 25 of the Complaint.

## FACTUAL ALLEGATIONS

26. – 33. The Hansen Defendants deny the allegations of Paragraphs 26 – 33 of the Complaint.

34. – 46. The Hansen Defendants deny the allegations of Paragraphs 34 – 46 of the Complaint.

47. The Hansen Defendants deny the allegations of Paragraph 47 of the Complaint. The Hansen Defendants state that Defendant Butler provided a document to Defendant Hansen which stated how much was owed overall and that Defendant Hansen paid that sum.

48. The Hansen defendants neither admit nor deny the allegations of Paragraph 48 of the Complaint, as it lacks sufficient information to form an opinion as to the truth of the matter alleged.

/ / /

49. – 56.   The Hansen Defendants deny the allegations of Paragraphs 49 – 56 of the Complaint.

57.   The Hansen Defendants neither admit nor deny the allegations of Paragraph 57 of the Complaint, as they lack sufficient information to form an opinion as to the truth of the matter alleged.

58. – 59.   The Hansen Defendants deny the allegations of Paragraphs 58 – 59 of the Complaint.

60.   The Hansen Defendants neither admit nor deny the allegations of Paragraph 60 of the Complaint, as they lack sufficient information to form an opinion as to the truth of the matter alleged.

61.   The Hansen Defendants neither admit nor deny the allegations of Paragraph 61 of the Complaint, as they lack sufficient information to form an opinion as to the truth of the matter alleged.

62.   The Hansen Defendants deny the allegations of Paragraph 62 of the Complaint.

63.   The Hansen Defendants neither admit nor deny the allegations of Paragraph 63 of the Complaint, as they lack sufficient information to form an opinion as to the truth of the matter alleged.

64.   The Hansen Defendants deny the allegations of Paragraph 64 of the Complaint.

## CLAIMS FOR RELIEF

65.   The Hansen Defendants incorporate and re-allege their responses to Paragraphs 1 – 64.

/ / /

/ / /

66. – 67.   The Hansen Defendants neither admit nor deny the allegations of Paragraphs 66 – 67 of the Complaint, as they present legal conclusions rather than allegations of fact. To the extent the allegations are deemed factual allegations, they are denied.

68.   The Hansen Defendants incorporate and re-allege their responses to Paragraphs 1 – 67.

69. – 70.   The Hansen Defendants neither admit nor deny the allegations of Paragraphs 69 – 70 of the Complaint, as they present legal conclusions rather than allegations of fact. To the extent the allegations are deemed factual allegations, they are denied.

71.   The Hansen Defendants incorporate and re-allege their responses to Paragraphs 1 – 71.

72.   The Hansen Defendants deny the allegations of Paragraph 72 of the Complaint.

73. – 74.   The Hansen Defendants neither admit nor deny the allegations of Paragraphs 73 – 74 of the Complaint, as they present legal conclusions rather than allegations of fact. To the extent the allegations are deemed factual allegations, they are denied.

75.   The Hansen Defendants incorporate and re-allege their responses to Paragraphs 1 – 74.

76. – 79.   The Hansen Defendants neither admit nor deny the allegations of Paragraphs 76 – 79 of the Complaint, as they present legal conclusions rather than allegations of fact. To the extent the allegations are deemed factual allegations, they are denied.

80.   The Hansen Defendants incorporate and re-allege their responses to Paragraphs 1 – 79.

81. – 85.   The Hansen Defendants neither admit nor deny the allegations of Paragraphs

81 – 85 of the Complaint, as they present legal conclusions rather than allegations of fact. To the extent the allegations are deemed factual allegations, they are denied.

## PLAINTIFFS' PRAYER FOR RELIEF

86. The Hansen Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## DEFENSES

87. The Hansen Defendants assert the following defenses. The listing of a defense here does not mean that it is an affirmative defense, and by listing a defense here, the Hansen Defendants shall not be deemed to have acknowledged or otherwise accepted that burden of proof as to any defense. The substantive law determines whether Plaintiffs or the Hansen Defendants bear the burden of proof.

## FIRST DEFENSE

88. The Hansen Defendants intended to answer every allegation in the Complaint. If an allegation was not answered, the Hansen Defendants deny it.

## SECOND DEFENSE

89. This Court lacks subject matter jurisdiction over any claim as to which a Plaintiff cannot prove as to himself or herself that he/she suffered a concrete injury in fact that was caused by the wrongful act of a particular Hansen Defendant and which this Court can redress. As to injunctive relief, each Plaintiff must prove also that he or she will be injured in the same way by a particular defendant.

## THIRD DEFENSE

90. Plaintiffs are estopped from receiving the relief they seek by their own actions.

///

///

## FOURTH DEFENSE

91.    Plaintiffs failed to mitigate their damages by taking reasonable steps to reduce or eliminate any alleged damages.

## FIFTH DEFENSE

92.    Plaintiffs are not entitled to a double recovery.

## RESERVATION OF RIGHTS

93.    The Hansen Defendants reserve the right to raise additional defenses as the case progresses.

## PRAYER FOR RELIEF

The Hansen Defendants pray for entry of judgment against the Plaintiffs as follows:

1.    Dismissing the Complaint in its entirety and with prejudice;

2.    Entering judgment in the Hansen Defendants' favor;

3.    Awarding Defendants their costs, disbursements, and reasonable attorneys' fees incurred in this action pursuant to ORS 658.453; and

4.    Entering such other relief as the Court deems just and equitable.

DATED this 15th day of November, 2021.

HALL LAW OFFICES, PLLC

*s/ Wendel V. Hall*
Wendel V. Hall, Admitted *Pro Hac Vice*
wendel@halllawoffice.net
Lead Counsel for Defendants Colt Jamison Hansen, Westcoast Growers, LLC, Topshelf Hemp, LLC, and Fire Hemp, LLC

/ / /

/ / /

> FROHNMAYER, DEATHERAGE, JAMIESON,
> MOORE, ARMOSINO & McGOVERN, P.C.
>
> *s/ Thomas F. Armosino*
> Thomas F. Armosino, OSB #911954
> Armosino@fdfirm.com
> Casey S. Murdock, OSB #144914
> Murdock@fdfirm.com
> Of Attorneys for Defendants Colt Jamison
> Hansen, Westcoast Growers, LLC, Topshelf
> Hemp, LLC, and Fire Hemp, LLC

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS COLT JAMISON HANSEN, WESTCOAST GROWERS, LLC, TOPSHELF HEMP, LLC, AND FIRE HEMP, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** upon:

Mark J. Wilk, OSB #814218
mwilk@oregonlawcenter.org
Azanet Hayden, OSB #203816
ahayden@oregonlawcenter.org
Veronica Digman-McNassar, OSB #120792
vdigman@oregonlawcenter.org
Oregon Law Center
230 W. Hayes Street
Woodburn, OR 97071
 Of Attorneys for Plaintiffs

Stephen Walters, OSB #801200
swalters@oregonlawcenter.org
Oregon Law Center
522 SW 5th Avenue, Suite 812
Portland, OR 97204
 Of Attorneys for Plaintiffs

Andrew W. DeWeese, OSB #136332
J. Todd Key, OSB #190694
Green Light Law Group
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
andrew@gl-lg.com
Todd@gl-lg.com
 Attorneys for Defendants Logan Butler and Pierce Farm Labor, LLC

☒ by automatic electronic transmission via the Court's Case Management and Electronic Case Filing practice.

☐ by mailing to said attorneys a copy thereof, certified by me as such, contained in a sealed envelope, with postage paid, addressed to said attorneys at said attorneys' last known address and deposited in the post office at Medford, Oregon, on the date set forth below.

DATED this 15th day of November, 2021.

FROHNMAYER, DEATHERAGE, JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.

*s/ Thomas F. Armosino*
Thomas F. Armosino, OSB #911954
Armosino@fdfirm.com
Of Attorneys for Defendants Colt Jamison Hansen, WestCoast Growers, LLC, Topshelf, LLC, and Fire Hemp, LLC